983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R.W. REYNOLDS, Petitioner-Appellant,
v.
Neil RONE, Warden, Respondent-Appellee.
 No. 92-5918.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1993.
 
 1
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 James R.W. Reynolds, a Tennessee state prisoner, appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 and requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Reynolds entered a guilty plea in January of 1986 to two counts of aggravated rape. The state trial court accepted the plea only after satisfying itself that Reynolds had consulted repeatedly and extensively with his two court-appointed lawyers; that he understood the case against him and understood his constitutional rights; and that the plea was voluntary. Reynolds was then found guilty and was sentenced to thirty-five years imprisonment. There was no direct appeal. On July 10, 1989, he filed for post-conviction relief in the trial court. That petition was dismissed as barred by the statute of limitations in Tenn.Code Ann. § 40-30-102, and a motion for reconsideration was denied. Reynolds did not appeal. In this petition for federal habeas relief, Reynolds argued that his guilty plea had been involuntary. The district court found that review of this claim was barred by the procedural defaults in the state courts and that Reynolds had not established cause to excuse these defaults. This appeal followed.
 
 
 4
 Upon review, it is concluded that this petition was properly denied. Reynolds is unable to establish cause for the procedural defaults, and he has not demonstrated that the defaults resulted in prejudice. Neither has he shown a likelihood that he is actually innocent. See Murray v. Carrier, 477 U.S. 478, 488, 495-96 (1986). Accordingly, the request for counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation